UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KARNO CP HOLDINGS, LLC | * | |
| Plaintiff | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| CERTAIN UNDERWRITERS AT | * | MAGISTRATE: |
| LLOYD'S, LONDON SUBSCRIBING TO | * | |
| POLICY NUMBER VETPF03975200, | * | |
| UNITED SPECIALTY INSURANCE | * | |
| COMPANY, AND ARCH SPECIALTY | * | |
| INSURANCE COMPANY | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   Carol L. Michel
       Clerk of Court
       United States District Court
       Eastern District of Louisiana
       500 Poydras Street, Room C151
       New Orleans, LA 70130

Defendants, Arch Specialty Insurance Company ("Arch"), United Specialty Insurance Company ("United Specialty") and Certain Underwriters at Lloyd's, London Subscribing To Policy VETPF03975200, ("Lloyds"), (collectively "Defendants"), submit this Notice of Removal of the above-styled matter and show as follows:

## I. BACKGROUND

1.

This action began on August 22, 2023, when Plaintiff, Karno CP Holdings, LLC, filed a Petition for Damages (hereinafter, the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, captioned *Karno CP Holdings, LLC v. Certain Underwriters at Lloyd's London Subscribing to Policy Number VETPF03975200, United Specialty Insurance*

1

*Companby, and Arch Specialty Insuranc Company*, Case No. 2023-08980, Section 15.[1] The Petition was served on Defendants on September 18, 2023.[2]

2.

As discussed more fully in Section III, *infra*, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) within 30 days of Defendants' receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."[3]

3.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court encompassing Orleans Parish, Louisiana, where the state court action is pending.

## II. GROUNDS FOR REMOVAL — DIVERSITY OF CITIZENSHIP JURISDICTION

4.

Original subject matter jurisdiction exists under 28 U.S.C. § 1332(a), because: (1) there exists complete diversity of citizenship between Plaintiff and Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

5.

Plaintiff alleges it is a domestic limited liability company.[4] "For purposes of diversity, the citizenship of a limited liability company is determined the citizenship of all of its members."[5]

---

[1]  *See generally*, Copies of All Process, Pleadings, and Orders Served on Defendant, attached hereto as Exhibit A.
[2]  *See*, Exhibit A.
[3]  *See*, Section III, *infra*.
[4]  *See*, Exhibit A, Petition for Damages, ¶ 1.
[5]  *PCS Nitrogen Fertilizer, L.P. v. Providence Engineering and Environmental Group, LLC*, No. 20-856, 2020 WL 7646382 at *1 (M.D. La. Dec. 23, 2020), *citing Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

The members must be specifically identified.[6]  Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member.[7]

6.

The Louisiana Secretary of State records show Plaintiff is comprised of two members: Billie V. Karno and Maurice David Karno.[8]  Both members are domiciled in Orleans Parish, within the State of Louisiana.[9]  Accordingly, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

7.

Arch and United Specialty are corporations.  A corporation is deemed a citizen of every State in which it is incorporated and the State of its principal place of business.[10]

8.

Arch is incorporated in the State of Missouri with its principal place of business in New Jersey.  Accordingly, Arch is a citizen of Missouri and New Jersey for purposes of diversity jurisdiction.

9.

United Specialty is incorporated in the State of Delaware with its principal place of business in Texas.  Accordingly, United Specialty is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

---

[6]   *PCS Nitrogen*, at *1, (internal citations omitted).
[7]   *PCS Nitrogen*, at *1.
[8]   Louisiana Secretary of State information, attached hereto as Exhibit B.
[9]   *See*, Exhibit B.
[10]  *See* 28 U.S.C. § 1332(c)(1).

10.

Underwriters at Lloyd's London is a foreign entity domiciled in England.  The Fifth Circuit has established a specific analytical framework to determine the citizenship of Lloyd's London by looking to the domicile of the underwriters of a particular policy.  Specifically, the Fifth Circuit has determined that all "Names" associated with each "Syndicate" are relevant when determining jurisdiction as each "Name" must be diverse from each Plaintiff to maintain diversity.[11]

11.

Here, as a carrier to Policy No. VETPF03975200, Underwriters at Lloyd's London consists of Syndicates AAL 2012 and ACS 1856.

12.

Syndicate AAL 2012 is solely made up of Arch Syndicate Investments Limited, which is a private limited company. Arch Syndicate Investments Limited is incorporated in England and Wales, with its principal place of business in London, England. Thus, Arch Syndicate Investments Limited is a citizen of England and Wales for purposes of diversity jurisdiction.

13.

Syndicate ACS 1856 is solely made up of IQUW Corporate Member Limited, which is a private limited company. IQUW Corporate Member Limited is incorporated in England with its principal place of business in London, England. Thus, IQUW Corporate Member Limited is a citizen of England for the purposes of diversity jurisdiction.

---

[11] *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857-59 (5th Cir. 2003).

14.

As all members of Syndicate AAL 2012 and ACS 1856 are citizens of England and Wales for the purposes of diversity jurisdiction, Underwriters at Lloyd's London is a citizen of England and Wales for the purposes of diversity jurisdiction.

15.

Because Plaintiff and Defendants are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

**B.  Amount in Controversy**

16.

Pursuant to 28 U.S.C. § 1466 (c)(2)(A)(ii)-B, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.  Article 893 of the Louisiana Code of Civil Procedure states that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."  Therefore, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.  The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000," or (2) establishing "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[12]   To that end, a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the

---

[12]   *See e.g., Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

defendant's allegation.[13]   However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[14]   A court's determination of whether the amount in controversy requirement is facially apparent from a petition should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiff's claim.[15]

17.

Plaintiff's Petition does not allege a specific monetary amount of damages.   However, Plaintiff's Petition alleges that properties located at 333-335 Bourbon Street, 339 Bourbon Street, and 434-438 Bourbon Street, and insured by Defendants pursuant to Policy No. VETPF03975200, sustained significant damages as a result of Hurricane Ida on or about August 29, 2021.[16]

18.

Plaintiff claims various damages to the properties at issue, which include three structures located in the French Quarter.   Plaintiff obtained a repair estimate for the property located at 333 Bourbon Street which contains a replacement cost value of $174,101.07.[17]   Plaintiff obtained a repair estimate for the property located at 339 Bourbon Street which contains a replacement cost value of $151,656.66.[18]   Plaintiff obtained a repair estimate for the property located at 434-438 Bourbon Street which contains a replacement cost value of $36,042.07.[19]   Insofar as Plaintiff claims $361,799.80 in damages following the filing of suit, the amount-in-controversy far exceeds

---

[13]   *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).
[14]   *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount.).
[15]   *See generally*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[16]   *See* Exhibit A, Plaintiff's Petition, ¶ 9-10.
[17]   Strategic Claims Consultants estimate, attached hereto as Exhibit C.
[18]   Strategic Claims Consultants estimate, attached hereto as Exhibit D.
[19]   Strategic Claims Consultants estimate, attached hereto as Exhibit E.

6

the $75,000 jurisdictional threshold. Moreover, Plaintiff's Petition seeks several categories of

damages, including and especially penalties and fees under La. Rev. Stat. §§ 22:1892 and 1973.[20]

Because the disputed damages exceed the $75,000.00 jurisdictional threshold, especially with the

prospect of a significant increase if penalties are awarded under La. Rev. Stat. §§ 22:1892 and

1973, the amount in controversy exceeds $75,000.00.

19.

Further, Plaintiff's Petition lacks any general allegation that the monetary value of the case

is less than the amount required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction.

According to Louisiana Code of Civil Procedure Article 893, such a general allegation is

"required" to establish "the lack of jurisdiction of federal courts due to insufficiency of

damages."[21]  Given the mandatory language of that article, a number of Fifth Circuit rulings hold

that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to

generally allege that his or her damages are insufficient for an exercise of such jurisdiction.[22]

Indeed, a plaintiff's failure to comply with the requirements of Article 893 is an important

consideration in determining the sufficiency of the amount in controversy at the time of removal.[23]

---

[20]  *See*, Exhibit A, Plaintiff's Petition.

[21]  *See*, LA. CODE CIV. PROC. ART. 893(A)(1) The full text of the subsection reads:  "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." *Id.*

[22]  *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *see also Raborn v. Con-Way Truckload, Inc.*, No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528 (W.D. La. 2012).

[23]  *Treqknia Bannister v. ACE American Insurance Company, et al.*, No. Civ.A 16-2830, 2016 WL 2347861, at *2, n. 1 (E.D. La. May 4, 2016) (second footnote "1").

7

Thus, Plaintiff's failure to include any general allegation in the Petition regarding the monetary value of its claims stands as further evidence that the amount in controversy exceeds $75,000.

20.

For each of the foregoing reasons, it is apparent that the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

21.

Defendants further show that this Removal is timely sought under 28 U.S.C. § 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

### A.  This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

22.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading, a notice of removal must be filed within 30 days following service on the removing defendant.[24]

23.

Defendants were served with the Petition for Damages on September 18, 2023.[25]

24.

This Notice of Removal was filed less than 30 days after Defendants received service of Plaintiff's Petition. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

---

[24] *See*, 28 U.S.C. § 1446(b)(i).
[25] *See*, Exhibit A.

8

**B. This Removal Does Not Violate 28 U.S.C. § 1441(b)(2)'s Forum-Defendant Rule**

25.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

26.

Here, Defendants are not Louisiana citizens, and therefore, this Removal does not violate the forum-defendant rule.

## IV. CONSENT TO REMOVAL

27.

When a civil action is removed and there are multiple defendants to the state action, all properly joined and served defendants must join or consent to the removal petition.[26]

28.

Defendants are the only named defendants in Plaintiff's Petition, and therefore, the consent requirement does not apply.

## V. PROCEDURAL COMPLIANCE & CONCLUSION

29.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as Exhibit "A."

---

[26] *See*, 28 U.S.C. § 1446.

9

30.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

31.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

## **CONCLUSION**

**WHEREFORE,** Defendants, Arch Specialty Insurance Company, United Specialty Insurance Company, and Certain Underwriters at Lloyd's London subscribing to Policy No. VETPF03975200, respectfully request that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because all properly joined parties are completely diverse, and the jurisdictional amount has been met.

[signature block on next page]

10

Respectfully submitted,

*/s/Andre Boudreaux*
ROBERT I. SIEGEL (#12063)
VICTORIA E. EMMERLING (#33117)
ANDRE M. BOUDREAUX (#37598)
**GIEGER, LABORDE & LAPEROUSE, LLC**
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile:     (504) 561-1011
E-mail: rsiegel@glllaw.com
E-mail: temmerling@glllaw.com
E-mail: aboudreaux@glllaw.com
*Attorneys for Arch Specialty Insurance Company, United Specialty Insurance Company and Certain Underwriters at Lloyd's London Subscribing to Policy VETGF03588210*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **Notice of Removal** has been served upon all parties by United States mail, postage prepaid, CM/ECF, facsimile and/or electronic mail this 18th day of October, 2023.

*/s/Andre Boudreaux*

11