2023-08980

**J**

Section 15

FILED
2023 AUG 22  P 04:27
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

HURRICANE IDA LITIGATION

NO.                                                                                                       DIVISION " "

**KARNO CP HOLDINGS, LLC**

**VERSUS**

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER VETPF03975200, UNITED SPECIALTY INSURANCE COMPANY, AND ARCH SPECIALTY INSURANCE COMPANY**

FILED: _____          _____
                                                                      **DEPUTY CLERK**

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Petitioner, Karno CP Holdings, LLC, who respectfully submits this Petition for Damages against Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy Number VETPF03975200, United Specialty Insurance Company, and Arch Specialty Insurance Company, and further respectfully avers as follows:

**PARTIES**

1.

Petitioner, Karno CP Holdings, LLC ("Petitioner"), is a domestic limited liability company authorized to do and doing business in this Parish and State.

2.

Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy Number VETPF03975200 ("Defendant"), is a foreign insurance company domiciled in New York, authorized to do and doing business in this Parish and State.

3.

Defendant, United Specialty Insurance Company ("Defendant"), is a foreign insurance company domiciled in Delaware, authorized to do and doing business in this Parish and State.

E-Filed



Case 2:23-cv-06313-SSV-MBN Document 2-1 Filed 10/18/23 Page 2 of 11

2023-08980

J
Section 15

FILED
2023 AUG 22 P 04:27
CIVIL
DISTRICT COURT

4.

Defendant, Arch Specialty Insurance Company ("Defendant"), is a foreign insurance company domiciled in Missouri, authorized to do and doing business in this Parish and State.

### JURISDICTION AND VENUE

5.

This amount in controversy is sufficient to justify the jurisdiction of this court.

6.

The situs of the properties which are the subject of this Petition is Orleans Parish. Therefore, venue is proper in Orleans Parish pursuant to Louisiana Code of Civil Procedure Articles 74 and 76.

### FACTUAL BACKGROUND

7.

Petitioner purchased a homeowners insurance policy from Defendants, identified as Policy No. VETPF03975200 ("the Policy"), which covered the below properties against damage caused by, among other perils, wind, hail, and/or water:

731-35 St. Peter, New Orleans, LA 70116
526 Bourbon St., New Orleans, LA 70130
437-41 Bourbon St., New Orleans, LA 70130
410 Bourbon St., New Orleans, LA 70130
333-35 Bourbon St., New Orleans, LA 70130
327 Bourbon St., New Orleans, LA 70130
730 Orleans Ave., New Orleans, LA 70116
706-08 Bourbon St., New Orleans, LA 70116
434-38 Bourbon St., New Orleans, LA 70130
233 Decatur St., New Orleans, LA 70130
739 St. Peter, New Orleans, LA 70116
526 Bourbon St., New Orleans, LA 70130
700 Bourbon St., New Orleans, LA 70116
339 Bourbon St., New Orleans, LA 70130
3201 A. Johnson, New Orleans, LA 70001

8.

At all pertinent times, the Policy was in full force and effect.

9.

On or about August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a Category Four hurricane with maximum sustained winds of 145 miles per hour.

2023-08980

Section 15

j

FILED
2023 AUG 22 P 04:27
CIVIL
DISTRICT COURT

E-Filed

10.

Petitioner's property was substantially damaged as a result of Hurricane Ida at the following locations ("the Properties"):

333-35 Bourbon St., New Orleans, LA 70130
339 Bourbon St., New Orleans, LA 70130
434-38 Bourbon St., New Orleans, LA 70130

11.

In compliance with the Policy, Petitioner provided timely notice of the loss by submitting a claim ("the Claim") to Defendants and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

12.

Upon notification of the loss, Defendants assigned a representative to inspect the Properties and produce an estimate of the damage.

13.

The inspection of the Properties by a representative of Defendants constituted satisfactory proof of loss as that term is used in conjunction with La. R.S. § 22:1892 and § 22:1973.

14.

Defendants' estimate of the damages was grossly inaccurate, omitting several damaged items and failing to include the full scope of necessary, covered repairs for other items.

15.

Despite being in possession of sufficient documentation to fully apprise itself of the actual loss to the Properties as a result of Hurricane Ida, Defendants failed to pay the amount due to Petitioner in connection with the Claim and failed to make a written offer to Petitioner to properly settle the Claim within thirty (30) days after its initial inspection.

16.

Defendants have unjustifiably failed to perform its obligations under the Policy by wrongfully and unfairly limiting payment on the Claim.

**17.**

As a result of Defendants' failure to properly adjust and timely pay the Claim, Petitioner has incurred professional expenses, including expert and/or attorney fees, to assist in proper adjustment and full payment of the Claim.

**18.**

Additionally, Defendants' failure to properly adjust and timely pay the Claim has caused Petitioner to endure significant inconvenience.

**19.**

Defendants' acts and omissions in failing to timely pay the Claim within sixty (60) days of its initial inspection are arbitrary, capricious, and without probable cause, and Defendants is in breach of its affirmative duties of good faith and fair dealing.

**20.**

As a result of Defendants' failures to properly and timely pay the Claim, Petitioner has and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with the completion of the repairs.

**CAUSES OF ACTION**

**A. Breach of Contract**

**21.**

All allegations contained in this Petition are hereby adopted and re-alleged.

**22.**

Despite having satisfactory proof of loss, Defendants failed to timely tender adequate funds under the Policy.

**23.**

At all pertinent times, an insurance contract – the Policy – existed between Petitioner and Defendants, which provided coverage for the damages to the Insured Properties resulting from Hurricane Ida.

Section 15
J
2023-08980
FILED
2023 AUG 22 P 04:27
CIVIL
DISTRICT COURT

E-Filed

2023-08980

Section 15

FILED
2023 AUG 22 P 04:27
CIVIL
DISTRICT COURT

24.

Upon information and belief, Defendants breached the Policy by purposely and/or negligently failing to timely tender proceeds due after having received satisfactory proof of loss, misrepresenting the terms and conditions of the Policy at issue, and conducting the investigation and claims handling in bad faith.

25.

Petitioner has suffered and continues to suffer general, special, and/or consequential damages as a result of Defendants' breach of the insurance contract.

**B. Bad Faith**

26.

All allegations contained in this Petition are hereby adopted and re-alleged.

27.

The actions and/or omissions of Defendants in failing to adequately compensate Petitioner for the covered losses under the Policy were "arbitrary," "capricious," and "without probable cause" as those terms are used in conjunction with La. R.S. § 22:1892 and § 22:1973.

28.

Under La. R.S. § 22:1892, an insurer is liable for bad faith penalties, attorney fees, and costs when it fails to adequately pay claims following satisfactory proof of loss within thirty (30) days or make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proof of loss.

29.

Defendants are in violation of La. R.S. § 22:1892 for failing to adequately pay or make a written offer to settle the Claim within thirty (30) days of the satisfactory proof of loss they received at the initial inspection of the Properties following Hurricane Ida, and are therefore liable for penalties, attorney fees, and costs under this statute.

30.

Under La. R.S. § 22:1973, an insurer is liable for consequential damages, in addition to a two-times penalty, when it breaches its duty of good faith and fair dealing to its insureds by failing

E-Filed

# Section 15

2023-08980
FILED
2023 AUG 22  P 04:27
CIVIL
DISTRICT COURT

to properly pay the claim within sixty (60) days of receipt of satisfactory proof of loss when such failure is arbitrary, capricious, or without probable cause.

31.

Defendants are in violation of La. R.S. § 22:1973 for failing, arbitrarily, capriciously, and without probable cause, to adequately pay the Claim within sixty (60) days of the satisfactory proof of loss it received at the initial inspection of the Properties following Hurricane Ida, and is therefore liable for consequential damages and a two-times penalty under this statute.

32.

Petitioner has suffered and continues to suffer general, special, and/or consequential damages as a result of Defendants' bad faith.

## DAMAGES

33.

All allegations contained in this Petition are hereby adopted and re-alleged.

34.

As a result of the actions or omissions of Defendants, Petitioner has suffered the following nonexclusive list of past, present, and future damages:

a. Damage to the building and structures located at the Properties;
b. Mitigation, remediation, and repair costs;
c. Diminution in value;
d. Lost and/or damaged business personal property;
e. Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;
f. Loss of income;
g. Consequential damages, and all other applicable damages covered under any of the applicable coverage afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, and increased cost of construction;

h. Attorney fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendants' breaches of its contractual and legal duties and obligation, including the failure to timely pay sums owed under the Policy; and

i. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

35.

The amount in controversy is sufficient to justify a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner, Kamo CP Holdings, LLC, prays that Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy Number VETPF03975200, United Specialty Insurance Company, and Arch Specialty Insurance Company are duly served with a Summons, Notice, and copy of this Petition and, after due proceedings are had, that there be a judgment rendered herein in favor of Petitioner, Kamo CP Holdings, LLC, and against Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy Number VETPF03975200, United Specialty Insurance Company, and Arch Specialty Insurance Company, for all damages sustained, as addressed above, bad faith damages for breach of the statutory duties described above, bad faith damages for breach of Defendants' duty of good faith and fair dealing, and penalties, attorney fees, expert fees, and all costs, together with legal interest (pre-judgment and post-judgment) from the date of demand until paid.

Petitioner further prays for such other and further relief as may be proper and this Court is competent to grant.

Section 15

2023-08980

FILED
2023 AUG 22 P 04:27
CIVIL
DISTRICT COURT

Case 2:23-cv-06313-SSV-MBN Document 2-1 Filed 10/18/23 Page 8 of 11

2023-08980

J
Section 15

FILED
2023 AUG 22  P 04:27
CIVIL
DISTRICT COURT

Respectfully submitted,

**TWIN LAW, LLC**

*Daniel Olivier* (signature)

Daniel M. Olivier, Bar No.: 40001
3530 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 910-6544
Facsimile: (504) 910-6856
Email: daniel@twinlegal.com

and

**THE LAW OFFICE OF BRUCE C. BETZER**
**A Professional Limited Liability Company**

Bruce C. Betzer, Bar No.: 26800
Grant P. Gardiner, Bar No.: 39888
Deborah E. Lavender, Bar No.: 17018
3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
Email: bruce@brucebetzer.com
         grant@brucebetzer.com
         debbie@brucebetzer.com
         service@brucebetzer.com

*Attorneys for Petitioner, Karno CP Holdings, LLC*

**PLEASE SERVE:**
Certain Underwriters at Lloyd's, London Subscribing to Policy Number VETPF03975200
*Through its agent for Service of Process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

and

United Specialty Insurance Company
*Through its agent for Service of Process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

and

Arch Specialty Insurance Company
*Through its agent for Service of Process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

E-Filed

2023-08980

Case 2:23-cv-06313-SSV-MBN   Document 2-1   Filed 10/18/23   Page 9 of 11

FILED
2023 AUG 22  P 04:27
CIVIL
DISTRICT COURT

**J**
Section 15

## VERIFICATION

I, Maurice David Karno, as a member and representative of Karno CP Holdings, LLC declare under penalty of perjury under the laws of the State of Louisiana that the foregoing is true and correct to the best of my knowledge, information, and belief.

I have read the document titled "Petition for Damages" and verify that all of the statements made therein are true and correct to the best of my knowledge, information, and belief.

Executed this 22 day of August, 2023 in New Orleans, Louisiana.

_____
MAURICE DAVID KARNO

E-Filed

ATTORNEY'S NAME: Olivier, Daniel M 40001
AND ADDRESS: 201 St. Charles Avenue Suite 2710, New Orleans, LA 70170

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2023-08980              DIVISION: J              SECTION: 15

## KARNO CP HOLDINGS, LLC

Versus

## CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ET AL

### CITATION

TO:             ARCH SPECIALTY INSURANCE COMPANY
THROUGH:    REGISTERED AGENT: LOUISIANA SECRETARY OF STATE
                    8585 ARCHIVES AVE, BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA August 25, 2023

Clerk's Office, Room 402                          CHELSEY RICHARD NAPOLEON, Clerk of
Civil Courts Building                                The Civil District Court
421 Loyola Avenue                                  for the Parish of Orleans
New Orleans, LA 70112                            State of LA
                                                              by _____
                                                              Kristal Lewis, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ____ day of _____ served a copy of the within Petition for Damages ON ARCH SPECIALTY INSURANCE COMPANY THROUGH: REGISTERED AGENT: LOUISIANA SECRETARY OF STATE Returned the same day _____ No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / _____/_____/_____ PAPER  RETURN SERIAL NO.  DEPUTY  PARISH | On this ____ day of _____ served a copy of the within Petition for Damages ON ARCH SPECIALTY INSURANCE COMPANY THROUGH: REGISTERED AGENT: LOUISIANA SECRETARY OF STATE by leaving same at the dwelling house, or usual place of abode, in the hands of a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said ARCH SPECIALTY INSURANCE COMPANY being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

ID: 11213312                              Page 1 of 2

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.